## Commonwealth v. Weaver

*Martin A. Flayhart, District Attorney*, for Commonwealth.
*Lee H. Roberts*, for defendant.

BROWN, *P.J.*, October 31, 1979—On June 14, 1979, defendant was operating a van on Legislative Route 18014 in Woodward Township. At approximately 1:30 p.m. he was involved in an accident with a parked vehicle in which he sustained certain injuries. As a result of that accident Trooper Richard Forshey of the Pennsylvania State Police was summoned to the scene for investigative purposes. Upon arriving Trooper Forshey observed defendant lying in his van near the opening of a large sliding door on the right side of the van. At that time defendant was being treated for his injuries by emergency personnel. While observing this treatment Trooper Forshey noticed an open cardboard box sitting on top of a set of scales; this box contained a number of plastic bags containing a green vegetable matter. Based upon his experience and training with the Pennsylvania State Police including specific drug training and one year with the Region Four Strike Force, Trooper Forshey suspected that the substance was marijuana.

Accordingly, he seized the plastic bags, and arranged for the testing of their contents with the Pennsylvania State Police Laboratories. In addition, upon investigating the accident, Trooper Forshey filed a summary offense charge against defendant charging him with driving too fast for conditions. This prosecution was apparently filed within a day or two of the accident. Subsequently, sometime in August, Trooper Forshey received the results from the laboratory tests of the substance found in defendant's van which indicated that the

substance was marijuana. On August 7, 1979, Trooper Forshey filed the present proceedings which charged defendant with unlawful possession of a controlled substance. Sometime on or after August 7, 1979, defendant entered a plea of guilty to the summary offense of driving too fast for conditions and paid the requisite fine.

## DISCUSSION AND CONCLUSIONS OF LAW

With regard to his motion to quash the information for unlawful possession of a controlled substance, defendant relies upon the provisions of section 110 of the Pennsylvania Crimes Code, 18 C.P.S.A. §110. Specifically, he relies upon that part of the statute which prevents a subsequent prosecution for any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court.

Considering that statutory provision in the context of these facts, the court is forced to conclude that the subsequent prosecution for unlawful possession of a controlled substance is barred by section 110. In this regard it is to be noted that the charges for driving too fast for conditions and for the unlawful possession of a controlled substance occurred as part of the same criminal episode which culminated in defendant's accident on June 14, 1979. While it is true that the officer did not have sufficient evidence to support a conviction for unlawful possession at the time he filed the summary charge, the crucial time does not relate to the time of filing of the summary charge, but instead

relates to the time of trial of the summary offense. Since defendant elected to plead guilty to the summary offense on or after August 7, 1979, this would be tantamount to the date of trial, and unfortunately for the Commonwealth's case at this point in time Trooper Forshey did have sufficient evidence to support a conviction for unlawful possession.

It is unfortunate that this result must obtain. However, the court is powerless to rewrite the legislative provision in question and while the result precludes the case from proceeding further on the more serious charge, the matter is beyond the court's control. The appropriate way to have proceeded in this matter would have been for the district justice to consolidate the summary offense with the court case for unlawful possession and to hold a preliminary hearing on the more serious charge and then bind both charges over to this court. This procedure was not followed and the Commonwealth's case must fail.

Based upon the disposition of defendant's motion to quash it is unnecessary to resolve the issue regarding the suppression of evidence. However, the court is satisfied that the evidence was properly seized under the plain view doctrine since the officer had a right to be investigating the accident in question and was able to observe the contraband from outside of the vehicle.

## ORDER

And now, October 31, 1979, based upon the foregoing memorandum, findings of fact, discussion and conclusions of law, it is hereby ordered that defendant's motion to quash the present information be sustained and that the proceedings be dismissed.